UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NORMA FLORES DE HASBUN                          CIVIL ACTION

Versus                                          NO.: 12-05

PAN AMERICAN LIFE INSURANCE COMPANY, ET AL.     SECTION: "F"

ORDER & REASONS

Before the Court is the plaintiff's motion to remand.  For the reasons that follow, the motion is GRANTED.

**I. Background**

This is a suit for damages following the alleged wrongful handling of plaintiff Norma Flores de Hasbun's claim for health and life insurance benefits.  Plaintiff sued the policy issuer, Pan American, and the adjustor, Redbridge Network.  Plaintiff filed suit in state court on November 23, 2011.  Invoking the Court's diversity jurisdiction, defendants removed the case on January 3, 2012.  Norma Flores died on January 4, 2012.  Eduardo Hasbun, as Executor her estate has taken plaintiff's place in the prosecution of this action.  Plaintiff now seeks remand, arguing that defendant Pan American improperly removed the case to this Court under 28 United States Code, Section 1441(b), because defendant is a Louisiana corporation.  Plaintiff moved to remand timely.

1

## II. Discussion

28 United States Code Section 1441(b) provides:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is brought.

Pan American admits it is a Louisiana corporation, with its principal place of business in Louisiana. Nevertheless, and in direct contravention of Section 1441(b), Pan American and Redbridge removed this case to this Court. That removal was in error. Because Pan American is a Louisiana corporation, and because this is a case based on diversity jurisdiction, the case must be remanded. This result is mandated by the clear text of the statute.

Pan American argues that by filing certain documents in this Court, plaintiff has waived her objection to this forum, and cannot now seek remand. Specifically, Pan American points out that plaintiff has filed a jury demand, a certificate of interested parties, a motion for an attorney to appear pro hac vice, a request for summons to be issued to defendant Redbridge to appear in this lawsuit, a suggestion of death as to Norma Flores de Hasbun, and a first amended complaint. The Court finds

that the filing of such routine papers does not constitute waiver.  The extent of the plaintiff's conduct in the federal proceedings has been minimal.  <u>Johnson v. Odeco Oil & Gas Co.</u>, 864 f.2d 40, 42 (5th Cir. 1989).  Moreover, it is academic that this Court may take note of its own jurisdiction.

    Accordingly, IT IS ORDERED: the plaintiff's motion to remand is GRANTED.


        New Orleans, Louisiana, March 7, 2012.

        _____
            MARTIN L. C. FELDMAN
         UNITED STATES DISTRICT JUDGE