UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NORMA FLORES DE HASBUN                          CIVIL ACTION

Versus                                          NO.: 12-05

PAN AMERICAN LIFE INSURANCE COMPANY, ET AL.     SECTION: "F"

ORDER & REASONS

Before the Court is the plaintiff's motion to remand.  For
the reasons that follow, the motion is GRANTED.

## I. Background

This is a suit for damages following the alleged wrongful
handling of plaintiff Norma Flores de Hasbun's claim for health
and life insurance benefits.  Plaintiff sued the policy issuer,
Pan American, and the adjustor, Redbridge Network.  Plaintiff
filed suit in state court on November 23, 2011.  Invoking the
Court's diversity jurisdiction, defendants removed the case on
January 3, 2012.  Norma Flores died on January 4, 2012.  Eduardo
Hasbun, as Executor her estate has taken plaintiff's place in the
prosecution of this action.  Plaintiff now seeks remand, arguing
that defendant Pan American improperly removed the case to this
Court under 28 United States Code, Section 1441(b), because
defendant is a Louisiana corporation.  Plaintiff moved to remand
timely.

## II. Discussion

28 United States Code Section 1441(b) provides:

> Any civil action of which the district courts
> have original jurisdiction founded on a claim
> or right arising under the Constitution,
> treaties or laws of the United States shall
> be removable without regard to the
> citizenship or residence of the parties. Any
> other such action shall be removable only if
> none of the parties in interest properly
> joined and served as a defendant is a citizen
> of the State in which such action is brought.

Pan American admits it is a Louisiana corporation, with its
principal place of business in Louisiana. Nevertheless, and in
direct contravention of Section 1441(b), Pan American and
Redbridge removed this case to this Court. That removal was in
error. Because Pan American is a Louisiana corporation, and
because this is a case based on diversity jurisdiction, the case
must be remanded. This result is mandated by the clear text of
the statute.

Pan American argues that by filing certain documents in
this Court, plaintiff has waived her objection to this forum, and
cannot now seek remand. Specifically, Pan American points out
that plaintiff has filed a jury demand, a certificate of
interested parties, a motion for an attorney to appear pro hac
vice, a request for summons to be issued to defendant Redbridge
to appear in this lawsuit, a suggestion of death as to Norma
Flores de Hasbun, and a first amended complaint. The Court finds

that the filing of such routine papers does not constitute waiver.  The extent of the plaintiff's conduct in the federal proceedings has been minimal.  <u>Johnson v. Odeco Oil & Gas Co.</u>, 864 f.2d 40, 42 (5th Cir. 1989).  Moreover, it is academic that this Court may take note of its own jurisdiction.

Accordingly, IT IS ORDERED: the plaintiff's motion to remand is GRANTED.


New Orleans, Louisiana, March 7, 2012.


MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE